**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GARY A. LAVITE, #12439, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-00953-JPG |
| | ) |
| C/O REICHART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Gary Lavite filed this action under 42 U.S.C. § 1983 on August 30, 2019, for alleged violations of his constitutional rights at Madison County Jail. (Doc. 1). The Amended Complaint survived screening pursuant to 28 U.S.C. § 1915A. (Doc. 13). Plaintiff was allowed to proceed with a single claim against C/O Reichert for failing to protect him from another inmate who attacked him two years earlier. (*Id*.). C/O Reichert was served with this lawsuit, and the defendant filed an answer on February 10, 2020. (Doc. 17). Since that time, the Court has entered three scheduling orders. (Docs. 18, 22, and 24). However, one was recently returned to the Court undeliverable because Plaintiff failed to update his address. (Docs. 22 and 26).

In numerous court orders, Plaintiff was advised of his ongoing obligation to update his address. (*See* Docs. 4, 5, 13). He was explicitly instructed to notify the Court, in writing, of any address changes within seven (7) days of said change. (*Id*.). He was warned that failure to do so in a timely manner would result in dismissal of this action for failure to comply with a court order and for failure to prosecute his claims. (*Id*.) (citing FED. R. CIV. P. 41(b)). Even so, a scheduling order was recently returned to the court undeliverable on July 17, 2020. (Docs. 22 and 26).

The same day, the Court entered the following Order to Show Cause:

1

> ORDER TO SHOW CAUSE: Plaintiff was advised that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to comply could result in dismissal of this action for want of prosecution. (See Docs. 4, 5, and 13). One or more documents mailed to Plaintiff by the Court have been returned as undeliverable. (See Docs. 22 and 26). Plaintiff is hereby ORDERED to SHOW CAUSE on or before AUGUST 3, 2020, why this case should not be dismissed as a whole for failure to comply with a court order and to prosecute his claims. Plaintiff's failure to respond to this Order will result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b). The Clerk is DIRECTED to transmit a copy of this Order to Plaintiff.

(Doc. 27). Plaintiff failed to respond to the Order to Show Cause on August 3, 2020. At least a week has passed since this deadline expired, and the Court has heard nothing from him. In fact, the Court has received no communication from Plaintiff since March 26, 2020. (Doc. 20).

The Court will not allow this matter to linger indefinitely. The Court finds that Plaintiff has failed to update his address and prosecute his claims as ordered in Documents 4, 5, 13, and 27. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 4, 5, and 13), his failure to respond to the Court's Order to Show Cause (Doc. 27), and his failure to prosecute his claim in Count 1. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 4, 5, 13, and 27) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 11, 2020**

                                                                              s/J. Phil Gilbert
                                                                              **J. PHIL GILBERT**
                                                                              **United States District Judge**